The Honorable Bobby Lee Trammell State Representative 5213 Richardson Drive Jonesboro, AR 72404-8162
Dear Representative Trammell:
This is in response to your request, on behalf of a constituent, for an opinion on the necessary procedure to enforce a neighborhood bill of assurance. You have presented the following set of circumstances:
 A developer acquired 30 acres of land behind [your constituent's] home. A Bill of Assurance was recorded in Poinsett County on September 22, 1995. This Bill has not been amended or a new one filed as of August 16, 1999. . . . Since this bill of assurance was filed, the 30 acres was sold to another developer, who has put in utilities and paved a street in the development (Country Club Estate). It has been about 26 months since any other activity. The road wasn't constructed well and has low and weak spots and the south entrance has a large section that is ponding and stays that way for weeks. After complaints from surrounding neighbors, the city council agreed not to issue any building permits until the road was repaired. This, too, has not been done. On August 3, the developer started staking houses that had not been approved by the Planning and Zoning or getting a building permit. The building inspector stopped him at this point and the contractor sent a representative with house plans to get the building permits. Building permits were not issued because the size of the plans did not meet specification. He returned that afternoon and met with the Mayor, Building Inspector and Street Supervisor. In this meeting the subject of the streets was brought up to the developer. Now I wasn't in this meeting and cannot tell you what was said between these four men. No tape recorder or minutes were taken, but a contract between the developer and the City of Trumann was entered into and the developer was told that he would have four (4) building permits the next day. The following day he began working again on the four houses. After hearing about the sizes of the homes, [your constituent] had certain concerns and measured the slabs. . . . After taking the measurements to the best of her calculations, these sizes did not meet the Bill of Assurance.
In light of the above referenced scenario, you have asked the following questions:
 1. Do they, as adjoining property owners, have legal rights about how these type homes affect their property?
 2. Did the Mayor have the legal right to enter into a contract with the developer knowing what the city council had stated?
RESPONSE
I must decline to issue an opinion on these questions, as I am prohibited by statute from the private practice of law. See A.C.A. § 25-16-701. Your question seeks legal advice for a private individual. I must therefore suggest that you refer your constituent to a private attorney for the counsel sought. Local counsel for the City may need to be consulted as well.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh